**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Cause Nos. | 1:21-CR-15-HAB |
| | ) | | 1:23-CV-15-HAB |
| WILL A. HARRIS, JR. | ) | | |

**OPINION AND ORDER**

Defendant has a history of felony convictions going back almost twenty years. When he was sentenced in this Court last year on drug and gun charges, those convictions resulted in a finding that he was a career offender. That designation resulted in a sentence of 262 months' imprisonment. Believing that sentence to stem from ineffective assistance of counsel ("IAC"), Defendant has moved to vacate under 28 U.S.C. § 2255. (ECF No. 64). That motion is fully briefed (ECF Nos. 67, 68) and ready for ruling.

**I.    Factual and Procedural Background**

In January 2021, Defendant was a passenger in a vehicle that officers tried to pull over. Knowing he had an active warrant, Defendant held a gun to the driver's head and forced her to lead officers on a ten-minute, high-speed chase. During the chase Defendant threw a gun and three bags of methamphetamine from the speeding car. Defendant continued to resist even after the car was stopped, punching one officer. Even after he was taken into custody, Defendant threatened the officers, their wives, and their children with violence.

The methamphetamine was recovered and tested. The total drug weight was 61.3 grams and, after accounting for purity, a "pure" methamphetamine weight of 30 grams was determined.

Based on these facts, Defendant was indicted on three counts: possession of methamphetamine with the intent to distribute, possessing a firearm in furtherance of a drug

trafficking crime, and being a felon in possession of a firearm. Attorney Anthony Churchward ("Churchward") was appointed to represent Defendant.

Defendant pleaded guilty to all counts via written plea agreement. As part of that plea agreement, Defendant waived his rights to "appeal or to contest [his] conviction and all components of [his] sentence or the manner in which [his] conviction or . . . sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including . . . any post-conviction proceeding, including but not limited to, a proceeding under" 28 U.S.C. § 2255. Defendant also agreed in the plea agreement that his drug offense involved at least 5 grams but less than 50 grams of methamphetamine.

Drug weights would normally drive a drug trafficking defendant's guideline calculation, but not so here. Instead, Defendant's guideline range was ultimately driven by § 4B1.1(c)(2), which applies to defendants who (1) are guilty of multiple counts, (2) one of which is not a § 924(c) conviction, (3) another of which is a § 924(c) conviction, and (4) are career offenders. See *United States v. Powe*, 394 Fed. Appx. 299, 301 (7th Cir. 2010) (outlining analysis under § 4B1.1). This section applied to Defendant because he: (1) pled to multiple counts, (2) his 21 U.S.C. § 841 conviction was a controlled substance offense, (3) he pleaded guilty to § 924(c), and (4) he was a "career offender" because he had prior Indiana dealing (2005 conviction for dealing in cocaine or a narcotic drug) and battery (2013 conviction for Class D battery resulting in bodily injury) convictions that were, respectively, controlled substance and crime of violence offenses.

Section 4B1.1(c)(2) of the Guidelines directs that qualifying defendants should be sentenced to the "greater of": (A) the "guideline range that results by adding the mandatory consecutive penalty required by the 18 U.S.C. § 924(c) [ ] count . . . to the minimum and the maximum" under the Guidelines for the other counts; or (B) the guideline range used in the table

at U.S.S.G. § 4B1.1(c)(3). Since Defendant was entitled to a three-level reduction for acceptance of responsibility, the table recommended a range of 262-327 months' imprisonment. U.S.S.G. § 4B1.1(c)(3). That was higher than his guideline range on the other counts even with § 924(c)'s five-year mandatory minimum added on (248-295 months' imprisonment)[1], so the sentencing range set out in the table at U.S.S.G § 4B1.1(c)(3) was Defendant's final Guidelines range.

Defendant objected to his battery conviction being counted as a crime of violence. That objection was overruled. Defendant was sentenced to 262 months' imprisonment: 202 months on the drug count (Count 1), a concurrent 120-month term for being a felon in possession of a firearm (Count 3), and 60 months consecutive to both counts for possessing a firearm during a drug trafficking offense (Count 3). Defendant did not appeal. Instead, he timely moved to vacate his sentence and filed a supplement, both under 28 U.S.C. § 2255.

**B.     Legal Discussion**

**1.     *28 U.S.C. § 2255***

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a motion under § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence exceeded the maximum authorized by law, or is otherwise subject to collateral attack. *Id.* A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id.*; *Belford v. U.S.*, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. U.S.*, 26 F.3d 717 (7th Cir. 1994). As a result:

---

[1] Defendant's base offense level was 30 because of the drug weight (U.S.S.G. § 2D1.1), adjusted to 32 because of the prior Indiana state convictions identified above. (U.S.S.G. § 2K2.1). Once all counts were grouped and Defendant received a three-level reduction for acceptance of responsibility, Defendant's combined offense level for Counts 1 and 3 was 31. Along with his criminal history category of VI, his guideline range, before the mandatory-minimum 60-month sentence for the § 924(c) count, was 188-235 months' imprisonment.

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313; *see also McCoy v. U.S.*, 815 F.3d 292, 295 (7th Cir. 2016). Additionally, aside from showing "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a § 2255 movant may alternatively pursue such errors after proving that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008). This general rule does not apply to claims of ineffective assistance of counsel, which may be brought via § 2255 even if not pursued during a direct appeal. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003).

**2.      *Defendant Waived Relief on any Grounds Other Than IAC***

Waivers of direct and collateral review in plea agreements are generally enforceable. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010); *Jones v. U.S.*, 167 F.3d 1142, 1144–45 (7th Cir. 1999). Nevertheless, because a plea agreement is a contract and generally governed by ordinary contract law principles, waivers contained in the agreements are unenforceable in some cases akin to those in which a contract would be unenforceable, such as when the government has materially breached the agreement, *see United States v. Quintero*, 618 F.3d 746, 750–52 (7th Cir. 2010), or the dispute falls outside the scope of the waiver, *Bridgeman v. U.S.*, 229 F.3d 589, 591 (7th Cir. 2000).

Though disputes over plea agreements are "usefully viewed through the lens of contract law," the Seventh Circuit has recognized that the application of ordinary contract law principles to plea agreements, "must be tempered by recognition of limits that the Constitution places on the

criminal process, limits that have no direct counterparts in the sphere of private contracting." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). For example, "while a contracting party is bound by the mistakes of his lawyer, however egregious (his only remedy being a suit for malpractice), the Constitution entitles defendants entering plea agreements to effective assistance of counsel." *Id.* at 637. Courts therefore repeatedly recognized that appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement. *United States v. Jemison*, 237 F.3d 911, 916 n. 8 (7th Cir. 2001); *United States v. Hodges*, 259 F.3d 655, 659 n. 3 (7th Cir. 2001); *Bridgeman*, 229 F.3d at 591.

Turning to Defendant's waiver, the Court finds no basis to find the waiver ineffective. Though Defendant has many complaints about the performance of Churchward, none of them relate to the drafting or negotiation of the plea agreement. Nor does Defendant ever claim that the plea was anything but knowingly and voluntarily made. The Court, then, finds that the waiver is effective here, and bars any ground for relief other than IAC.[2]

**3.**     ***Churchward was not Ineffective in Challenging Defendant's Designation as a Career Offender***

Defendant objects to his designation as a career offender, arguing his "past and predicate offense of dealing in cocaine is in fact (by definition) broader than the generic definition of distribute under 4B1.2." (ECF No. 64 at 7). As a result, Defendant argues that his state dealing charge should not have been considered a controlled substance offense. By failing to so argue, Defendant claims that Churchward was ineffective.

Defendant is wrong. Addressing this precise argument, the Seventh Circuit held:

---

[2] This applies most prominently to Defendant's substantive challenges to his § 924(c) conviction, contained in the supplement to his motion. (ECF No. 67 at 2–3). No matter: for the reasons set out in the Government's response (ECF No. 68 at 12–13), Defendant's § 924(c) arguments are meritless.

> [*United States v.*] *Ruth*[, 966 F.3d 642 (7th Cir. 2020),] held that the definition of "controlled substance" in the Sentencing Guidelines is not limited to the definition of "controlled substance" in the federal Controlled Substances Act. *Id*. at 654. In reaching that conclusion, we acknowledged there was a circuit split on that question with several circuits choosing an approach contrary to our own. *Id*. at 653. But without a signal from the Sentencing Commission that it intended to incorporate the federal definition into the Guidelines, we declined to do so ourselves. *Id*. at 652. Since *Ruth*, we have rejected repeated arguments that we should abandon it. We do so again here and affirm application of the career offender enhancement to these defendants.

*United States v. Jones*, 56 F.4th 455, 504 (7th Cir. 2022). Defendant's argument, then, is expressly contrary to controlling Seventh Circuit precedent. Churchward could not be ineffective for failing to raise such an argument. *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993).

**4.    *Because Defendant was Properly Designated as a Career Offender, his Drug Quantity Arguments are Irrelevant***

Most of Defendant's motion and supplement is directed at what he perceives to be Churchward's failure to object to the drug weights used to calculate his guideline range under § 2D1.1. Defendant points to the failure to take personal use amounts out of the weight calculation and failure to object to purity calculations, arguing that his guideline range was miscalculated as a result. Whether Defendant is correct, he suffered no prejudice, so the Court need not examine Churchward's performance. *Strickland*, 466 U.S. at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies").

As the Government correctly notes, and as set forth above, Defendant wasn't sentenced under the guideline range calculated in § 2D1.1. Instead, because of his multiple counts, § 924(c) conviction, and status as a career offender, he was sentenced under the guidelines calculated in § 4B1.1(c)(3). (ECF No. 48 at 36). His drug quantity was irrelevant to his sentence, and

Churchward's failure to object to the drug quantity could not have been constitutionally deficient. *United States v. Thomas*, 589 Fed. App'x 792, 793 (7th Cir. 2015).

## III.    Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Because the Court finds that no reasonable jurist could conclude that Defendant is entitled to relief, no certificate of appealability will be issued.

## IV.    Conclusion

For these reasons, Defendant's § 2255 motion (ECF No. 64) is DENIED. No certificate of appealability will issue.

SO ORDERED on May 4, 2023.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT